UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.:

HAKEEM O. ROWE,

          Plaintiff,

vs.

TWO BROTHERS TIRES, LLC
d/b/a Addis Tire Outlet and
STEVE SAKHLEH,

          Defendants.
_____/

**PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, HAKEEM O. ROWE, ("Mr. ROWE"), by and through undersigned counsel, hereby files his Complaint and Demand for Jury Trial against TWO BROTHERS TIRES, LLC d/b/a Addis Tire Outlet ("Addis Tire Outlet") and STEVE SAKHLEH, ("Mr. Sakhleh"), and states as follows:

**I.   INTRODUCTION**

1. This is an action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA").

1

2. This lawsuit is not dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others, in this case- Addis Tire Outlet. Those are the rights that Congress has specially legislated to protect in the Fair Labor Standards Act.

3. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and wellbeing but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay.

4. Defendants utilized their unequal bargaining power to render defenseless Mr. Rowe against the denial of the living wage she is entitled to receive and protected by 29 U.S.C. § 207.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

7. Addis Tire Outlet maintains and operates a tire shop on West

Colonial Drive, Orlando Florida.

8. Addis Tire Outlet employs individuals to perform tire installation, tire balance, tire rotation, and the other services, (collectively "tire services"), for its customers.

9. Addis Tire Outlet has engaged in unfair labor practices.

10. In order to perform its tire services, Addis Tire Outlet employs Tire Technicians.

11. Tire Technicians are directly engaged in providing the productive services to Addis Tire Outlet's customers.

12. Mr. Rowe was employed by Addis Tire Outlet as a Tire Technician at its Orlando, Florida facility.

13. As a Tire Technician, Mr. Rowe's job duties included but are not limited to, installing tires, repairing tires, opening and closing the shop, and cleaning the shop.

14. Mr. Rowe was employed by Addis Tire Outlet from approximately June 2020 to December 2020.

15. As a Tire Technician, Mr. Rowe was paid an hourly rate.

16. As a Tire Technician, Addis Tire Outlet and Mr. Rowe had an agreement he would be paid $10.00 per hour.

17. Mr. Rowe was legally authorized to be employed by Addis Tire Outlet throughout his employment.

18. At all times relevant to their employment, Mr. Rowe regularly used the instrumentalities of interstate commerce while performing his work.

19. At all times relevant to their employment, Mr. Rowe also regularly used the channels of commerce while performing their work.

20. Addis Tire Outlet is an "employer" as defined by 29 U.S.C. § 203(d).

21. Addis Tire Outlet has employees subject to the provisions of the FLSA at its Orlando, Florida facility where Mr. Rowe was employed.

22. Addis Tire Outlet has employed two or more persons, including Mr. Rowe, engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person.

23. Mr. Rowe avers based on information and belief that at all times relevant to the violations of the Fair Labor Standards Act Defendant, Addis Tire Outlet was an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

24. Defendant, Mr. Sakhleh is an owner and manager of Addis Tire Outlet.

4

25. Defendant, Mr. Sakhleh, is involved in the day-to-day operations of Addis Tire Outlet.

26. Defendant, Mr. Sakhleh, guided the company policies of Addis Tire Outlet.

27. Defendant, Mr. Sakhleh, actively engaged in the management, supervision, and oversight of Addis Tire Outlet.

28. Defendant, Mr. Sakhleh, could have authorized Addis Tire Outlet's compliance with the Fair Labor Standards Act.

29. Defendant, Mr. Sakhleh, had control over the financial affairs of Addis Tire Outlet.

30. Defendant, Mr. Sakhleh, at all times material hereto was acting directly or indirectly in the interest of Addis Tire Outlet in relation to Addis Tire Outlet's employees and was substantially in control of the terms and conditions of the employees' work.

31. Mr. Rowe worked overtime in numerous workweeks and did not receive proper overtime pay.

32. Addis Tire Outlet had knowledge that Mr. Rowe was working overtime without proper compensation.

33. Addis Tire Outlet failed to make a good faith effort to determine if Mr. Rowe was being compensated appropriately pursuant to the FLSA.

34. Addis Tire Outlet has failed to maintain and keep accurate time

records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

35. Addis Tire Outlet also failed to post the required notice pursuant to the Fair Labor Standards Act.

36. Mr. Rowe has retained LaBar & Adams, P.A. to represent him and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
### PLAINTIFF, HAKEEM O. ROWE'S CLAIM FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff, Mr. Rowe, re-alleges and incorporates herein the allegations contained in paragraphs 1,5-36 above.

38. Mr. Rowe was employed as a "Tire Technician" by Addis Tire Outlet from approximately June 2020 to December 2020.

39. From approximately June 2020 to December 2020, Addis Tire Outlet repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Rowe at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Mr. Rowe worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

40. Addis Tire Outlet willfully failed to maintain and keep accurate

time records as required by the Fair Labor Standards Act.

41. Addis Tire Outlet failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Rowe demands a judgment against Addis Tire Outlet and Steve Sakhleh for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Rowe demands a jury trial on all issues contained in Count I.

Dated: April 2, 2021

Respectfully submitted,

_____
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)