UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HAKEEM O. ROWE,

    Plaintiff,

v.                                                                        Case No. 6:21-cv-00594-CEM-DCI

TWO BROTHERS TIRES, LLC d/b/a
Addis Tire Outlet and STEVE SAKHLEH,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Two Brothers Tires, LLC ("TBT") and Steve Sakhleh ("Sakhleh") (collectively, "Defendants"), answer Plaintiff's Complaint (Doc. 1) in correspondingly numbered paragraphs as follows:

### INTRODUCTION

1. Admitted for jurisdictional purposes only. Otherwise, denied.

2. The Fair Labor Standards Act ("FLSA") speaks for itself.

3. The FLSA speaks for itself.

4. Denied.

### JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

## FACTUAL ALLEGATIONS

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11. Admitted.

12. Denied that Plaintiff was a tire technician but otherwise admitted.

13. Denied that Plaintiff opened and closed the shop but otherwise admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted that Defendant TBT is an enterprise under the FLSA. Otherwise, denied.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

28. Defendant TBT complied with the FLSA; because Paragraph 28 of the Complaint presumes that it did not, Defendants deny the allegations in Paragraph 28.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Without knowledge and therefore denied.

## COUNT I
## PLAINTIFF, HAKEEM O. ROWE'S CLAIM FOR ALLEGED VIOLATIONS OF OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

37. Defendants reassert and incorporate their responses to Paragraphs 1, 5-36 above.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

In response to the unnumbered WHEREFORE Paragraph following Paragraph 41 of the Complaint, Defendants deny all factual allegations and deny that Plaintiff is entitled to the relief he seeks.

### JURY DEMAND

Defendants deny that Plaintiff will present any issue for a jury to try.

### GENERAL DENIAL

All allegations not expressly admitted are denied.

### FIRST DEFENSE

Plaintiff's claims for liquidated damages are barred to the extent Defendants acted in good faith and had reasonable grounds for believing their actions were not in violation of the FLSA.

## SECOND DEFENSE

Defendant Steve Sakhleh is not an employer under the FLSA and therefore Plaintiff's claims against him fail.

## THIRD DEFENSE

Plaintiff cannot establish that any acts or omissions of Defendants were in willful violation of the FLSA.

## FOURTH DEFENSE

Plaintiff's claims are barred because Plaintiff was paid all wages due.

## FIFTH DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiff was allegedly not compensated involve only insubstantial and insignificant periods of time, or are *de minimis*, and are not compensable under the FLSA or any other applicable law or regulation.

## SIXTH DEFENSE

To the extent Plaintiff is entitled to damages, Defendants are entitled to a credit or set off against amounts overpaid in the course of Plaintiff's employment.

## SEVENTH DEFENSE

Some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed was spent engaged in activities which were not hours worked under the FLSA and other applicable laws and were not an integral and

indispensable part of Plaintiff's principal activities.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff seeks compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

## NINTH DEFENSE

Without forgoing any and all of the defenses herein, and without admitting any liability on behalf of the Defendants, to the extent Plaintiff is entitled to any overtime damages, such overtime is calculated at one half of Plaintiff's regular rate of pay because Defendant RTR compensated Plaintiff for all hours worked.

## TENTH DEFENSE

Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 11th day of June, 2021.

        Respectfully submitted,

        Spire Law, LLC
        2572 W. State Road 426, Suite 2088
        Oviedo, Florida 32765

        */s/ Ashwin R. Trehan*
        Ashwin R. Trehan, Esq.
        Florida Bar No. 42675
        ashwin@spirelawfirm.com
        laura@spirelawfirm.com
        Tel: (407) 494-0135
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby Certify that on this 11th day of June, 2021, the foregoing was electronically filed with the Court by using the Middle District of Florida's CM/ECF portal, which will send a notice of electronic filing to all counsel of record.

        */s/ Ashwin R. Trehan*
        Attorney